IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RODRIGUEZ, | : | CIVIL ACTION NO. **3:CV-06-1489** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent | : | |

### REPORT AND RECOMMENDATION

On July 31, 2006, Petitioner, Jaime Rodriguez, a federal inmate at the United States
Penitentiary at Lewisburg, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus
pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner filed a support Memorandum. (Doc. 2).
Petitioner paid the required filing fee. (Doc. 4). Petitioner correctly names as Respondent the
Warden at USP-Lewisburg. *See* 28 U.S.C. § 2242 & § 2243.[1]

We now give preliminary consideration to the Petition pursuant to Rule 4 of the Rules
Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable
to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa.
1979).[2]

---

[1]We note that since Petitioner is an inmate at USP-Lewisburg, this Court has jurisdiction
over his Petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas
jurisdiction rests in the district of confinement).

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and
any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the
judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background**.

Following a jury trial in the United States District Court for the Southern District of New York, the Petitioner was convicted under an Indictment for conspiracy to distribute one kilo or more of heroin in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A) and §846. (Doc. 1, p. 3 & Doc. 2, p. 7). Petitioner stated that on September 20, 1996, he was sentenced to 300 months imprisonment. Petitioner appealed his judgment of conviction, and on July 9, 1997, Petitioner states that the Second Circuit Court of Appeals affirmed his conviction, but vacated his sentence and remanded for re-sentencing. (Doc. 1, p. 3). Petitioner indicates that he was re-sentenced, and that his re-sentencing was affirmed. (*Id*.).

Our research of Petitioner's judgment of conviction on Westlaw reveals that Petitioner, along with two co-Defendants, was convicted, in part, of drug offenses, as well as carrying and possessing a firearm during a drug trafficking crime on July 27, 1994. *See U.S. v. Camacho*, 370 F. 3d 303, 304 (2d Cir. 2004). On November 10, 1994, the District Court for the Southern District of New York sentenced Petitioner to 300 months imprisonment. Petitioner appealed to the Second Circuit. On June 11, 1996, the Second Circuit affirmed Petitioner's convictions in part, and held that the vacation of his conviction for using or carrying a firearm during drug trafficking offense required remand to the district court for re-sentencing. *See U.S. v. Hernandez*, 85 F. 3d 1023 (2d Cir. 1996).[3]

---

[3]The cited case is *U.S. v. Hernandez*. However, it is clearly the appeal case also involving our Petitioner, a co-Defendant in the cited case, since he refers to Docket No. 94-1685 in his habeas petition (Doc. 1, p. 3), and this docket number was part of the cited appeal case. *See* 85 F. 3d 1023.

The Appeals Court vacated Petitioner's conviction under § 924(c) in light of *Bailey v. U.S.*, 516 U.S. 137 (1995), as Petitioner states (Doc. 1, p. 4), and affirmed his convictions on the remaining offenses, including the stated drug offenses. As stated, the Appeals Court also remanded Petitioner's case to the District Court for re-sentencing.   85 F. 3d at 1032; 370 f. 3d at 304.   The Second Circuit Court stated as follows:

> [T]he government asks that we remand for re-sentencing on Defendants' convictions for conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), in order to afford the district court the opportunity to consider the applicability to those offenses of USSG § 2D1.1(b)(1) (requiring increase of two offense levels "[i]f a dangerous weapon (including a firearm) was possessed" in connection with specified narcotics offenses). FN2 It is clear that such a remand for resentencing is appropriate when a § 924 conviction is reversed in light of *Bailey*. *See, e.g. United States v. Vasquez*, 85 F.3d 59, 61 (2d Cir. May 22, 1996); *United States v. Giraldo*, 80 F.3d 667, 677 (2d Cir. 1996).
>
> > FN2 The government stipulates that it will not seek a total sentence for Camacho or Rodriguez greater than that originally imposed, a possible outcome under the Sentencing Guidelines in this case.

85 F. 3d at 1032.

Subsequently, Petitioner was re-sentenced by the District Court to 300 months imprisonment for his § 841(b)(1)(A) and § 846 convictions to run concurrent. (Doc. 1, p. 3).   As the Second Circuit Court stated, "the district court enhanced [Petitioner's] sentence[] pursuant to USSG § 2D1.1(b)(1), for possession of a dangerous weapon in connection with a drug offense." 370 F. 3d at 304.   As a result of this enhancement, Petitioner's sentence on the drug trafficking offenses was increased to 300 months imprisonment.   *Id.*   Petitioner then appealed his new

sentence.  *See U.S. v. Hernandez*, 122 F. 3d 1058 (2d Cir. 1997).  The Second Circuit Court of

Appeals affirmed the district court's amended judgment of sentence for Petitioner.  *Id.*  The Second

Circuit Court of Appeals recounted Petitioner's procedural history of his criminal case as follows:

> Camacho, Rodriguez and Feliciano were indicted in the United
> States District Court for the Southern District of New York
> (Keenan, *J.*) for conspiracy to distribute and possess with intent
> to distribute heroin, in violation of 21 U.S.C. § 846; distribution
> and possession with intent to distribute heroin, in violation of
> 21 U.S.C. § 812, 841(a)91), 841(b)(1)(A), and 18 U.S.C. § 2; using
> and carrying a firearm during and in relation to a drug trafficking
> crime, in violation of 18 U.S.C. § 924(c)(1) and (2); and possession
> of a firearm with an obliterated serial number, which had been
> shipped in interstate commerce, in violation of 18 U.S.C. § 922(k),
> 924(a)(1)(B).  Camacho was also indicted for possessing a firearm
> in or affecting commerce, after having been convicted of a felony,
> in violation of 18 U.S.C. § 922(g)(1).  Rodriguez and Camacho
> were also indicted on several counts of obstruction of justice for
> attempting to prevent a cooperating witness from testifying.  After
> a jury trial, all three defendants were convicted on all counts,
> except that Rodriguez was acquitted of one count of mailing a
> threatening communication to a witness.
>
> Judge Keenan sentenced Camacho and Rodriguez to concurrent
> sentences of 240 months in prison on the drug trafficking counts,
> followed by a statutorily mandated consecutive sentence of 60
> months on the § 924(c) count.  On the remaining counts, Judge
> Keenan sentenced Camacho and Rodriguez to 60 months'
> imprisonment, to run concurrently with the drug trafficking
> sentences.  Judge Keenan sentenced Feliciano to 63 months
> on the heroin trafficking counts, followed by the mandatory
> consecutive 60 months on the § 924(c) conviction.  On the
> remaining count against Feliciano, Judge Keenan sentenced him
> to 60 months to run concurrently with the § 924(c) count.
>
> On appeal, we vacated the defendants' convictions on the § 924(c)
> count in light of the Supreme Court's decision in *Bailey v. United
> States*, 116 S.Ct. 501 (1995), and affirmed the remainder of the
> convictions.  We also remanded the case to the district court to
> consider resentencing on the remaining counts.

> On remand, Judge Keenan determined that all the defendants'
> sentences warranted a two level enhancement pursuant to
> U.S.S.G. § 2D1.1(b)(1) and increased Camacho's and Rodriguez's
> sentences on the drug trafficking counts to 300 months in prison
> and Feliciano's sentence on the drug trafficking counts to 97
> months in prison.  The sentences for the remaining counts remained
> the same.

*Id.*

In his appeal of his re-sentencing (*i.e.* amended judgment of sentence), Petitioner argued that the district court lacked jurisdiction to increase his sentence.  *Id.*  As Petitioner indicates (Doc. 1, p. 3), on July 9, 1997, the Second Circuit affirmed Petitioner's new sentence (*i.e.* amended judgment of sentence).  *Id.  See also* 370 F. 3d at 304.

On July 8, 1999, Petitioner moved for a new trial under Fed.R.Crim.P. 33 based on newly discovered evidence.  370 F. 3d at 304.  The District Court denied Petitioner's Rule 33 motion for new trial.  *Id.*  2001 WL 946354.  The District Court found that Petitioner's Rule 33 Motion for new trial was untimely, and denied it.  370 F. 3d at 305.  On May 25, 2004, the Second Circuit affirmed the denial of Petitioner's Rule 33 motion by the District Court.  *Id.* at 309.

Petitioner also filed a motion with the District Court pursuant to 28 U.S.C. § 2255.  Petitioner claimed that his counsel was ineffective, that his due process rights were violated, and that  he was wrongfully charged and convicted of distribution of heroin.  (Doc. 1, p. 6).   On August 9, 1999, the District Court denied Petitioner's § 2255 motion.  (*Id.*).

Petitioner now claims that "§ 2255 is inadequate and ineffective due to the successive motions bar, to test the legality of detention based on claims of actual innocence as a result of a previously unavailable statutory interpretation." (*Id.* & Doc. 2, pp. 2-3).  Thus, Petitioner claims that

he cannot meet the standards to file a successive § 2255 motion since he is not claiming newly discovered evidence, nor is he relying upon a new rule of Constitutional law. Petitioner states that his habeas claims are based on "the previously unavailable statutory interpretation of § 841, and on the illegal imposition of a mandated sentence under an unconstitutional, and therefore non-existent, statute." (Doc. 2, p. 2).

## II. Claims of Habeas Petition.

Petitioner first claims as follows, "[a]t the time of [Petitioner's] Rodriguez' conviction and sentence every Circuit held that § 841 drug type and quantity were sentencing factors requiring only proof by a preponderance of the evidence to a judge, instead of elements of aggravated offenses which would require proof beyond a reasonable doubt to a jury." (Doc. 2, p. 3). Petitioner states that based on the Second Circuit Court's decision in *U.S. v. Gonzalez*, 420 F. 3d 111(2d Cir. 2005), he could not be convicted of and could not be subjected to a mandatory minimum sentence under § 841(b)(1)(A) or (B) unless the prescribed drug quantity in the statute was proven to the jury beyond a reasonable doubt. (*Id.*, p. 4). Thus, Petitioner claims that drug quantity and drug type must now be treated as elements of a § 841 offense, and that they were not for purposes of his conviction. (*Id.*, pp. 4-5).[4]

---

[4]Petitioner also cites to other Second Circuit Court of Appeals cases to support his first habeas claim. (Doc. 2, pp. 3-5). There is no dispute that Petitioner's amended judgment of sentence was entered prior to the cited cases, and that his amended judgment of sentence was affirmed before these cases. *See* 122 F. 3d 1058. Further, this Court is obliged to follow Third Circuit precedent. *See Casey v. Planned Parenthood*, 14 F.3d 848 (3d Cir. 1994).

As discussed below, Petitioner's claim that the Second Circuit now requires proof beyond a reasonable doubt of drug quantity and drug type as elements of a § 841 offense can and should be raised after Petitioner motions the Second Circuit for permission to file a second § 2255 motion.

Petitioner next challenges his 300-month sentence, and he contends that there is no need for retroactive analysis as to his first claim, since the Second Circuit's construction of § 841 was merely a clarification as to what this statute had always meant, and thus was the proper meaning of the law at the time of his conviction.  (Doc. 2, pp. 5-6).  Petitioner states that drug quantity has been an element of a § 841 offense since its enactment, and that both quantity and drug type must be proven by the government in order to get a conviction under § 841(b)(1)(A) or (B).  (*Id*.).  Thus, Petitioner claims that drug quantity and type were elements of his charged offense under § 841 as of the date of his November 1994 judgment of conviction, and that therefore these elements should have been submitted to the jury and proved beyond a reasonable doubt.  Petitioner attempts to distinguish his claim from a claim under *Apprendi v. N.J.*, 530 U.S. 466 (2000).  Petitioner recognizes that *Apprendi* has not been found to be retroactive.  (*Id*., p. 6).  However, Petitioner states that the Second Circuit Court's holding in *Gonzalez* does apply retroactively.  Petitioner contends that, since *Gonzalez* held that drug quantity and type were always intended to be elements of § 841 and that, as such, these elements have to be proven to a jury beyond a reasonable doubt, this interpretation of § 841 was the proper reading of the statute even at the time of his conviction now almost 12 years ago.  (*Id*., p. 7).  Thus, Petitioner claims that drug quantity and type were elements of his charged offense under § 841, and that therefore they should have been submitted to the jury and proved beyond a reasonable doubt.  (*Id*., pp. 5-7).

Thirdly, Petitioner claims that he is actually innocent of the § 841(b)(1)(A) offense he was convicted of since the government "failed to prove the statute's prescribed drug quantity as charged in the indictment.  While [Petitioner] Rodriguez was charged under § 841(b)(1)(A), he was not

convicted of that offense when the quantity (in this case, one kilo or more of heroin), was not submitted to the jury nor proven beyond a reasonable doubt." (*Id.*, p. 7).  Petitioner also argues that the verdict finding him guilty of a § 841(b)(1)(A) offense is insufficient as a matter of law since "he was found guilty of an unspecified quantity of drugs ... he is actually innocent of the conduct - possessing the quantity- necessary to found guilty and sentenced under the more onerous provisions of § 841(b)(1)(A) or (B)." (*Id.*, p. 8).  Thus, Petitioner assert that there was no factual basis to support his conviction under § 841(b)(1)(A) since he was not found guilty by the jury beyond a reasonable doubt of possessing a specific  amount of drugs.

Petitioner also contends, for essentially the same reason outlined above, that he is actually innocent of the sentence which the District Court imposed on him.  Specifically, Petitioner states as follows:

> Rodriguez was sentenced to 25 years under § 841(b)(1)(A) and § 846
> (concurrent), which held (for Rodriguez) a mandatory minimum of
> 10 years and a maximum of life.  It has been established that
> Rodriguez was not convicted of an § 841(b)(1)(A) offense, but only
> of an arguably lesser included offense under § 841(b)(1)(C),
> which held (for Rodriguez) no minimum and a maximum of 20 years.
> The 25 year sentence imposed clearly exceeded this maximum.  As
> a matter of law the district court had no authority to impose a jury
> verdict for the conduct proscribed under § 841(b)(1)(A), and had no
> authority under § 841(b)(1)(C) to impose a sentence above its 20
> year maximum.

(*Id.*, p. 9).

Petitioner next states that the District Court sentenced him under the now excised provision set forth under 18 U.S.C. § 3553(b)(1).  Thus, Petitioner concludes that the District Court lacked jurisdiction to impose his sentence upon him.  (*Id.*, p. 10).  Petitioner states as follows:

> [A]fter a conviction 18 U.S.C. § 3553(b) mandated the application of the United States Federal Sentencing Guidelines. This was the law at the time of Rodriguez' conviction. The Guidelines had the force and effect of law and were legally binding enacted criminal statutes, particularly because the sentencing ranges included minimums and maximums which were incorporated into federal statutes by 18 U.S.C. § 3553(b). Recently the Supreme Court excised in part § 3553(b), holding that § 3553(b)(1) was incompatible with the constitution in violation of the Sixth Amendment because it required mandatory application of the Guidelines.

(*Id.*).

Finally, in the alternative, Petitioner requests this Court to transfer his habeas petition to the Southern District of New York pursuant to 28 U.S.C. § 1404. (*Id.*, p. 11). Petitioner states that since his conviction and sentence were based on the controlling Second Circuit law, which form the basis of his present habeas claims, his habeas petition should be transferred to the District Court for the Southern District of New York. (*Id.*, p. 12).

Petitioner raises a claim arguing that the prosecution failed to prove the statute's [§ 841(b)] prescribed drug quantity that was used and necessary to increase Petitioner's sentence. (*Id.*, p. 9). Petitioner states that he is innocent under § 841(b)(1)(A), but that he may have been properly convicted of a violation of § 841(b)(1)(C), which is arguably the lesser included offense. (*Id.*). Thus, Petitioner believes that his proper sentence should not have been above a 20-year maximum, and not the 25-year sentence he received. (*Id.*).

Petitioner thus asserts that there may have been a valid conviction in his case for an offense under § 841(b)(1)(C), but that there was not a valid indictment for the crime under § 841(b)(1)(A) of which he was convicted. Petitioner bases this argument on his claim that drug quantity and identity were not submitted to the jury or charged in his indictment. Petitioner re-asserts his claim

that his sentence range should have been one with no minimum and with a maximum penalty of 20 years.    His claim is based on his contention that drug identity and quantity were not proven by the government and found by the jury.  Thus, Petitioner argues that he should have received no more than a sentence of 20 years.    (*Id.*, p. 9).

Petitioner also argues that the District Court lacked jurisdiction in his case since his offense was not specifically alleged and proven beyond a reasonable doubt , and that the District Court thus lacked jurisdiction to issue his sentence. (*Id.*, pp. 10-11).[5]

## III.  Discussion.

Petitioner seemingly did not file a request for permission with the Second Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to § 2244(b)(3)(A). Thus, even though Petitioner is now claiming that a recent Second Circuit case, namely *Gonzalez* and its holding that drug quantity and drug type are elements of a § 841 offense that must be proved beyond a reasonable doubt, should be applied retroactively to his case, he did not request permission from the Second Circuit Court of Appeals to file a successive § 2255 motion, as he clearly could have to address this issue.  We find that Petitioner's recourse is to indeed file a request with the Second Circuit to certify a second or successive § 2255 motion.  This is true especially since Petitioner is claiming in his present habeas petition that the Second Circuit has clarified the interpretation of the statute under which he was convicted, *i.e.,* § 841, and has found drug quantity and drug type are elements of a § 841 offense that must proven by the government beyond a

---

[5]As discussed below, we find that § 2255 is Petitioner's recourse with respect to all of his instant habeas claims.

reasonable doubt.  Thus, Petitioner should afford the Second Circuit Court of Appeals the opportunity to consider this issue by filing a request with the Second Circuit to certify a second or successive § 2255 motion.

Subsequent to the Second Circuit's affirmance of Petitioner's sentence in July 1997, as stated, Petitioner did file a § 2255 motion with the sentencing District Court.  It was denied in August 1999.  (Doc. 1, pp. 3, 6).  Petitioner did not file a request for Certificate of Appealability with the Second Circuit to file a second or successive § 2255 motion.  In July 2006, while Petitioner is serving his 25-year federal sentence, Petitioner filed the instant Habeas Petition.  Petitioner claims several errors were made by the sentencing court, and that his 25-year sentence for his conviction for violation of § 841, should not have been more than a twenty-year maximum sentence.  (Doc.2, p. 9).  Petitioner is essentially claiming that his amended judgment of sentence was illegal and that the sentencing District Court improperly enhanced his sentence.  Notwithstanding Petitioner's assertion that § 2255 is somehow inadequate or ineffective to challenge his alleged illegal sentence, we find that Petitioner's recourse is clearly § 2255.

This Court recently considered very similar claims made by Petitioner in *Winfield v. USA*, Civil Action No. 3:CV-06-0583, M. D. Pa., and found that § 2255 was Petitioner's recourse.  In *Winfield*, Petitioner claimed that his sentence under § 841 should have been treated as provided by 21 U.S.C. § 844, which would have required the Court to impose a one-year sentence. Petitioner Winfield argued that his habeas claim was not based on new evidence or on an intervening change in the law.  Rather, he stated that the sentencing judge made a mistake as to his sentence on his § 841(a) conviction, "and therefore cause and prejudice is absent for this claim

11

to be heard on a section (sic)  § 2255 motion." (Doc. 1, p. 6 , #06-0583). This Court disagreed

with Petitioner Winfield and found that § 2255 was indeed Petitioner's recourse.

This Court also recently considered almost identical claims to our Petitioner's in the habeas

case of *Delancy v. Williamson*, Civil Action No. 3:CV-06-1001, M. D. Pa. In *Delancy*, this Court

held that Petitioner Delancy's claims, which mirrored the present claims of Petitioner Rodriguez,

were properly raised in a § 2255 motion. (Doc. 6, Civil Action No. 06-1001).

As stated, our Petitioner indicates he was re-sentenced in light of *Bailey*, and that he then

filed a Motion to Vacate (§ 2255) with the sentencing District Court, Southern District of New York.

In August 1999, the District Court denied Petitioner's § 2255 motion.  Petitioner did not file a

request for Certificate of Appealability with the Second Circuit Court of Appeals.  Petitioner now

states that a § 2255 motion is ineffective to address his claims that a 20-year sentence was the

statutory maximum sentence which could have been imposed in his case since his drug quantity

was not known or found by the jury.  (*Id.*, p. 9).

Petitioner's recourse is to file a request with the Second Circuit to file a second § 2255

motion with respect to his sentence on his § 841(b)(1)(A) conviction.  Petitioner essentially claims

that § 2255 is inadequate or ineffective to test the legality of his sentence because his claims are

based on the previously unavailable statutory interpretation of 21 U.S.C. § 841, based on the

*Gonzlaez* case. (Doc. 2, pp. 2-4).  Thus, we construe Petitioner as arguing that § 2255 is inadequate

and ineffective to challenge the legality of his sentence on his § 841(b)(1)(A)  conviction.  We find

no merit to Petitioner's contention that the District Court which imposed his sentence is unable to

hear his claims under § 2255.  We disagree with Petitioner and find that § 2255 is indeed

12

Petitioner's remedy, especially since this Court, as stated, has recently considered very similar habeas petitions and found that § 2255 was Petitioner's remedy.  *See Winfield, supra.*, *Delancy, supra.*

Therefore, our Petitioner's recourse is to file a request with the Second Circuit to file a second § 2255 motion and raise his present claims  that drug quantity and drug type are elements of an offense under § 841 that must be proven to a jury beyond a reasonable doubt.  (*Id*., p. 3). In fact, we find that claims like Petitioner's are precisely the type of sentencing claims that should be raised *via* § 2255 with the sentencing court.  *Id.*

As mentioned, despite having already filed a § 2255 motion with the sentencing court, and not  having filed a request for certificate of appealability, Petitioner's recourse is  to file a request for permission to file a second § 2255 motion.   Recently, the Third Circuit stated in *Wills v. Smith*, 2006 WL 1080703 * 2 (3d Cir. 4-25-06), "§2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a Petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under AEDPA."  *See also Lara v. Smith*, Civil No. 06-0650, M.D. Pa. (5-9-06 Order).

Additionally, Petitioner's claim of actual innocence does not affect our finding that his habeas petition under § 2241 should be dismissed.  *See Leinenbach v. Williamson*, C.A. No. 05-3224, slip. Op. P. 4, (3d Cir. October 24, 2005) (Non-Precedential).  As the Court in *Leinenbach* stated, while Petitioner "may face substantive and procedural hurdles to presenting [his habeas] claims in a § 2255 motion, that alone does not render a §2255 motion an inadequate or ineffective remedy." *Id.*  Further, as stated, Petitioner does not claim actual innocence of a § 841(b)(1)(C)

13

offense.

After having his § 2255 motion denied by the sentencing court and without having filed a Certificate of Appealability, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court over nine (9) years after his judgment of conviction was affirmed by the Second Circuit, seeking to vacate his Southern District of New York 25-year sentence on his § 841(b)(1)(A) conviction. Petitioner seeks to have this Court vacate his 25-year sentence and impose a sentence of no more than 20 years on his drug conviction. (Doc. 2, p. 13). As stated, Petitioner should file a motion pursuant to 28 U.S.C. § 2244(b)(3) with the Second Circuit Court of Appeals seeking to file a second § 2255 motion to challenge his sentence and his § 841(b)(1)(A) conviction based on his stated claims. We find that § 2255 is Petitioner's recourse to raise his stated grounds to vacate his 25-year sentence.

Petitioner seemingly did not challenge his 25-year sentence in his prior § 2255 motion based on his claim that under *Gonzalez* the maximum sentence which could have been imposed on him was 20 years under § 841(b). Regardless, Petitioner now states that § 2255 is somehow inadequate or ineffective to address this claim. Petitioner asserts that he lacks a remedy in the sentencing court and that he has a legitimate challenge to his 25-year sentence with this Court in his Habeas Petition due to the alleged invalid sentence imposed by sentencing judge. Petitioner should present his claims to the sentencing court. His claim that a § 2241 habeas petition is his recourse is incorrect. Petitioner cites to *In re Dorsainvil*, 119 F. 3d 245 (3d Cir. 1997), in his Memorandum in support of his Habeas Petition. (Doc. 2, p. 2). However, the Third Circuit in *Deshields v. Smith*, C.A. No. 05-3677 (3d Cir. 4-21-06) (Non-Precedential), slip op. p. 4, recently

stated as follows:

> [T]he "safety valve"provided under section 2255 is extremely narrow and has been held to apply in unusual situations such as t hose in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). Such is not the case here. Deshields makes no allegation, nor could he, that he is actually innocent of the crime for which he was convicted. The exception identified in *In re Dorsainvil* is simply inapplicable, and Deshields is not entitled to seek relief under § 2241.

*See also Yates v. Smith*, C.A. No. 06-1715 (3d Cir. 8-9-06)(Non-Precedential).

As mentioned, our Petitioner claims that he is actually innocent of his § 841(b)(1)(A) conviction but concedes that he may have been guilty of a lesser included offense under § 841(b)(1)(C). (Doc. 2, pp. 8-9). Petitioner does not challenge his conviction of the § 841(a) offense, but he argues only that he was actually innocent of his conviction under § 841(b)(1)(A) and that his 25-year sentence under § 841(b)(1)(A) should have been up to a 20-year statutory maximum under § 841(b)(1)(C). (*Id*.).

We find that Petitioner's § 2241 Petition, challenging his 25-year sentence on his § 841(b)(1)(A) conviction and claiming that his proper sentence should have been under a range of no minimum to a 20-year maximum, should be dismissed for lack of jurisdiction since § 2255 is his remedy.[6]

---

[6]This Court has stated in other § 2241 habeas petitions that "to the extent Petitioner seeks to challenge his sentence under *Apprendi*, the proper vehicle would be to seek permission to do so *via* a § 2255 petition with the sentencing court." *Harris v. Williamson*, Civil No. 3:04-1227, M.D. Pa., July 22, 2004, at p. 4 (J. Nealon). As stated, in the present case, Petitioner tries

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).   The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966).  The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, which we find Petitioner's to be, a motion

---

to distinguish his claim from *Apprendi* and he has filed a § 2255 motion, but this does not render § 2255 with respect to his stated claims as inadequate or ineffective. *See Winfield, supra; Wills, supra.*

under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972).  As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Clearly, the stated claims Petitioner presents in this Petition, challenging his 25-year sentence on his § 841(b)(1)(A) conviction and seeking this Court to vacate it and impose a sentence of no more than 20 years,  is clearly within the purview of §2255.   Further, Petitioner's unsuccessful § 2255 motion with respect to his conviction does not render § 2255 inadequate or ineffective. Petitioner's claims that the sentencing judge made mistakes on his sentence does not render § 2255 inadequate or ineffective.  Petitioner clearly could raise  his instant claims in a § 2255 motion.  We find that Petitioner's recourse is to file a motion under 28 U.S.C. § 2244 with the Second Circuit Court of Appeals for permission to file a second § 2255 motion with respect to his 25-year sentence on his § 841(b)(1)(A) conviction.

In this case, despite the fact that the Petitioner has already filed a §2255 motion regarding his sentencing, he does not demonstrate a personal inability to utilize this remedy.  Even though he did file a previous §2255 motion as to his 25-year sentence, he has not established the inadequacy or ineffectiveness of the remedy itself.  *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render

his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.   Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

We find that the present Habeas Petition should be dismissed for lack of jurisdiction.  In the case of *Okereke,* 307 F. 3d at 120, the Third Circuit held that a petitioner's case did not fit within the narrow exception of *In re Dorsainvil* on the basis that *Apprendi* was an intervening change in the law that petitioner could not have predicted and used as the ground of a §2255 motion.  The Court further stated that, "[u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal*, Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 120-121; *Deshields*, *supra*.  In the present case, Petitioner's claims deal with sentencing, and it does not render

conspiracy to distribute and possession with intent to distribute heroin, the crimes of which Petitioner Rodriguez was convicted, not criminal.  *See Deshields, supra*.

Accordingly, we shall recommend that Petitioner's Habeas Corpus Petition be dismissed for lack of jurisdiction without directing service of it on Respondent.

**IV.  Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petition for Habeas Corpus be dismissed.  It is also recommended that Petitioner's alternative request to transfer this case to the United States District Court for the Southern District of New York be denied as moot.


<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 22, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RODRIGUEZ, | : | CIVIL ACTION NO. **3:CV-06-1489** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **August 22, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 22, 2006**