# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RODRIGUEZ,

    Petitioner,

    v.

TROY WILLIAMSON,

    Respondent.

CIVIL ACTION NO. 3:06-CV-1489

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 5) and Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 6). For the reasons set forth below, Petitioner's Objections will be overruled, and the Court will adopt the Report and Recommendation.

## BACKGROUND

Following a jury trial in the United States District Court for the Southern District of New York, Petitioner was convicted under an Indictment for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841 (b)(1)(A), and 18 U.S.C. § 2. On September 20, 1996, Petitioner was sentenced to 240 months in prison for these offenses. Petitioner was also sentenced to 60 months for using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and (2), to run consecutively to the drug trafficking counts. Petitioner appealed his judgment of conviction. On July 9, 1997, the United States Court of Appeals for the Second Circuit affirmed his conviction, but vacated his sentence and remanded for re-sentencing. (Doc 1 p. 3.) At re-sentencing, Petitioner's drug trafficking convictions were extended to 300

months, to run concurrently, with the rest of his counts to remain the same. (Doc. 5 p. 5.) Petitioner then appealed his new sentence on the ground that the sentencing court lacked jurisdiction to increase his sentence. The United States Court of Appeals for the Second Circuit affirmed Petitioner's new sentence. *Id*.

On July 8, 1999, Petitioner moved the original trial court for a new trial under FED. R. CRIM. P. 33 based upon newly discovered evidence. *Id*. This petition was denied as untimely. On May 25, 2004, the United States Court of Appeals for the Second Circuit affirmed.

Petitioner also filed a petition for writ of habeas corpus with the trial Court pursuant to 28 U.S.C. § 2255. Petitioner claimed that his counsel was ineffective, that his due process rights were violated, and that he was wrongfully charged and convicted of distribution of heroin. (Doc. 1 p. 6.) On August 9, 1999, the district court denied Petitioner's § 2255 petition.

On July 31, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claimed that the subsequent retroactive change in statutory analysis, requiring the issue of the quantity of a drug to be determined by a jury beyond a reasonable doubt, announced in *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005), was not a new constitutional rule and did not meet the requirements for filing a second § 2255 petition, rendering § 2255 inadequate to test the legality of his detention. (Doc. 1 p. 6 & Doc. 2 pp. 2-3.) Petitioner also requested a transfer of his case to the original trial court. *Id*.

On August 22, 2006, Magistrate Judge Thomas M. Blewitt filed his Report and

Recommendation. (Doc. 5.) Magistrate Judge Blewitt recommended that Petitioner's petition be dismissed for lack of jurisdiction, and that his request to transfer his case be denied as moot. In response, on September 1, 2006, Petitioner filed an Objection to the Report and Recommendation. (Doc. 6.)

This petition is fully briefed and ripe for disposition.

## LEGAL STANDARD

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions of the report for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Petitioner argues that the verdict was insufficient as a matter of law to support his conviction because the issue of the quantity of heroin in his possession was not submitted to the jury and proven beyond a reasonable doubt, but was instead determined by the judge at sentencing and proven only by a preponderance of the evidence. As such, Petitioner avers that he is actually innocent of possession of one kilogram or more of heroin. Petitioner filed his present petition under § 2241, believing that his situation satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 petition is inadequate or ineffective to test the legality of his detention. Petitioner cites to *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), in support of this claim.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 petition. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 petition on the basis of *Bailey v. United States*, 516 U.S. 137 (1995), which held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." *Id*. at 150. After the *Bailey* decision, the petitioner in *Dorsainvil* applied to file a successive § 2255 petition claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined was not illegal. The Court of Appeals held that a prisoner who was convicted and filed his first § 2255 petition before the *Bailey* decision may not file a second § 2255 petition based on *Bailey* because the second petition does not meet the stringent requirements created by the

Antiterrorism and Effective Death Penalty Act for filing a second § 2255 petition. 119 F.3d at 248. The Court of Appeals went on to indicate that although a prisoner may not file a second § 2255 petition based on *Bailey,* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. However, the Court of Appeals cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

The Court of Appeals held that the petitioner in *Dorsainvil* could bring a § 2241 petition because to hold otherwise might result in the imprisonment of a person who had not committed a crime. *Id.*

Since the holding in *Dorsainvil*, the United States Court of Appeals for the Third Circuit noted that the *Dorsainvil* holding is to be construed very narrowly. *See Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). In *Okereke*, the United States Court of Appeals for the Third Circuit dealt with a petition under § 2241 based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any factor which increases a sentence beyond the statutory maximum is an issue to be considered by a jury using a beyond a reasonable doubt standard rather than by a trial judge using a preponderance of the evidence standard. *Id*. at 119. The Court of Appeals stated:

5

> [u]nlike the intervening change in law in *In re Dorsainvil* that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our *In re Dorsainvil* decision, § 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument. As a successive § 2255 petition, the District Court lacked jurisdiction to consider its merits.

*Id.* at 120-121.

Petitioner in this case does not cite to *Apprendi*, as in *Okereke*, but to *United States v. Gonzalez*, 420 F.3d 111 (2d Cir. 2005), which held that, based on *Apprendi*, a prisoner could vacate his guilty plea because he was improperly informed of the law. However, the underlying rationale remains the same. In both this case and in *Okereke*, Petitioner requested a § 2241 petition based on a claim of a mistake in sentencing due to a later change in the interpretation of a statute. The United States Court of Appeals for the Third Circuit has held that the § 2255 safety-valve language permitting the filing of a § 2241 petition applies only in very rare circumstances, such as a subsequent statutory interpretation rendering conduct non-criminal, and will only be applicable if § 2255 is inadequate or ineffective to test the legality of someone's detention. *See Okereke*, 307 F.3d 117. The *Okereke* court stated that a change in statutory interpretation affecting only sentencing would not permit a petition under § 2241. *Id.* at 120-121. Therefore, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) shall be dismissed for a lack of jurisdiction as a petition pursuant to § 2255 is Petitioner's proper remedy. Furthermore, Petitioner's request to transfer this case to the United States District Court for the Southern District of New York shall be denied as moot.

## CONCLUSION

For the reasons set forth above, the Court will adopt Magistrate Judge Thomas M. Blewitt's Report and Recommendation.

An appropriate Order follows.


September 28, 2006                             /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RODRIGUEZ,

    Petitioner,

        v.

TROY WILLIAMSON,

    Respondent.

CIVIL ACTION NO. 3:06-CV-1489

(JUDGE CAPUTO)

## ORDER

**NOW,** this 28 day of September, 2006, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 5) for plain error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

(1)     The Report and Recommendation is hereby **ADOPTED**.

(2)     Petitioner's case is **DISMISSED**.

(3)     Petitioner's request to transfer this case is **DENIED as moot**.

(4)     The Clerk of the Court shall mark this case **CLOSED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge